IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSS LYNN LANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-525-M |
| | ) |
| OKLAHOMA CORRECTIONAL | ) |
| HEALTH MANAGEMENT, *et al.,* | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

The Plaintiff is a state inmate who is appearing *pro se* to challenge the conditions of his confinement.  Defendants Oklahoma Correctional Health Management and Mary Chuckwama have moved to dismiss the complaint and to quash the Plaintiff's service on Ms. Chuckwama and a third-party, Ms. Pam Hoisington.  The Court should:

- overrule the Defendants' motion to dismiss and Ms. Chuckwama's motion to quash and

- grant the motion to quash service on Ms. Hoisington.

I.  Motion to Dismiss

The Plaintiff alleges that Ms. Chuckwama had violated federal law by disclosure that he had AIDS.  Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 2-3 (May 12, 2006) ("Complaint").  According to Mr. Lane, inmates "get jumped on . . . because of having Aids [sic], and [he] was very scared for [his] life."  *Id.* at p. 2.  The Plaintiff seeks "montary [sic] relief" due to the "mental[] stress."  *Id.* at p. 5.

The Defendants seek dismissal, arguing that the Prison Litigation Reform Act ("PLRA") "completely bar[s]" the recovery of damages for mental distress in the absence of a physical injury. Motion of Defendants Oklahoma Correctional Health Management and Mary Chuckwama to Dismiss Plaintiff's Complaint and to Quash Summons Issued to Pam Hoisington at pp. 4-5 (Aug. 8, 2006) ("Motion to Dismiss"). This argument overlooks the availability of nominal and punitive damages.

According to the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (2000). But this passage does not preclude recovery for nominal and punitive damages. *See Searles v. Van Bebber*, 251 F.3d 869, 878-79 (10th Cir. 2001) (nominal damages); *Ames v. Brown*, 2006 WL 1875374, Westlaw op. at 6 n.13 (10th Cir. July 7, 2006) (unpublished op.) (punitive damages);[1] *see also Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002) (stating that Fourteenth Amendment claims for nominal and punitive damages are not barred by Section

---

[1] The Defendants cite three cases to support their argument that Section 1997e(e) "completely bar[s]" recovery of damages for "mental or emotional injury" absent a physical injury. Motion to Dismiss at p. 4 (citations omitted). But the three cases recognize the availability of nominal and punitive damages notwithstanding Section 1997e(e). *See Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (concluding that nominal and punitive damages are available notwithstanding 42 U.S.C. § 1997e(e)); *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) ("Both parties and three of our sister circuits agree that Section 1997e(e) does not limit the availability of nominal damages for the violation of a constitutional right or of punitive damages."); *Searles v. Van Bebber*, 251 F.3d 869, 878-79 (10th Cir. 2001) ("'nominal damages . . . are the appropriate means of "vindicating" rights whose deprivation has not caused actual, provable injury'" (citation omitted)).

1997e(e)); *Allah v. Al-Hafeez*, 226 F.3d 247, 252 (3d Cir. 2000) (holding that a First Amendment claim for punitive damages is not barred by Section 1997e(e)).

Mr. Lane simply requested monetary relief,[2] but did not specify whether the damages were nominal, compensatory, or punitive. The broad prayer for monetary relief should be construed to include punitive and nominal damages because:

- nominal and punitive damages need not be specifically alleged[3] and

- liberal construction of the prayer would encompass nominal and punitive damages.[4]

Thus, even if Mr. Lane did not suffer physical harm, he might be entitled to nominal and punitive damages. These possibilities foreclose dismissal based on the absence of physical injury.[5]

---

[2] Complaint at p. 5; *see supra* p. 1.

[3] *See Mitchell v. Horn*, 318 F.3d 523, 533 n.8 (3d Cir. 2003) (stating that nominal damages need not be alleged); *Scutieri v. Paige*, 808 F.2d 785, 792 (11th Cir. 1987) (stating that "a specific prayer for punitive damages was unnecessary" in light of Fed. R. Civ. P. 54(c) (citation omitted)); *see also* Fed. R. Civ. P. 54(c) (except for a default judgment, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings").

[4] *See*, *e.g.*, *Calhoun v. DeTella*, 319 F.3d 936, 943 (7th Cir. 2003) (holding that a *pro se* prisoner's "prayer for 'such other relief'" could be reasonably viewed as a request for nominal damages); *Mitchell v. Horn*, 318 F.3d 523, 533 n.8 (3d Cir. 2003) (broadly construing a "catch-all" prayer to include nominal damages); *Yniguez v. State*, 975 F.2d 646, 647 n.1 (9th Cir. 1992) (*per curiam*) (stating that a catchall request in the complaint for additional relief "is sufficient to permit the plaintiff to pursue nominal damages" (citations omitted)); *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) (construing a claim for monetary relief to cover punitive damages).

[5] As discussed below, the Plaintiff is apparently intending to file an amended complaint. *See infra* note 8. In the proposed amendment, Mr. Lane has identified the desired remedies as "[c]ompensatory, or nominal damages, and punitive damages." Motion for Leave to File an Amended Complaint, Attachment at p. 5 (Sept. 26, 2006).

II.    Challenges to Service

The Defendants also challenge the Plaintiff's service of process, arguing that:

- Ms. Chuckwama had insufficient notice of the complaint and
- Ms. Hoisington was served even though she is not a party.

The argument about Ms. Hoisington is correct, but the one involving Ms. Chuckwama is not.

A.    Ms. Mary Chuckwama

To avoid the cost of service, a plaintiff may ask the defendant to waive service of process. *See* Fed. R. Civ. P. 4(d). Mr. Lane requested that Defendant Chuckwama waive service,[6] and she acquiesced.[7] In doing so, Ms. Chuckwama waived any objections to the sufficiency of service. *See* Fed. R. Civ. P. 4(d) comments to 1993 Amendments ("The only issues eliminated [by waiver of service] are those involving the sufficiency of the summons or the sufficiency of the method by which it is served."); *see also* Motion to Dismiss, Exh. 3 at p. 2 (explanation in the "Waiver of Service of Summons" form that "[the defendant] . . . retain[s] all defenses or objections . . . except for objections on a defect in the summons or

---

[6]  *See* Motion to Dismiss, Exh. 5 at p. 2 (noting that waiver of summons forms were mailed to Mary Chuckwama).

[7]  *See* Motion to Dismiss, Exh. 3 at p. 1 (attorney's letter to the Plaintiff, stating that he has enclosed a "Waiver of Service of Summons" executed on behalf of Mary Chuckwama in his capacity as counsel for her); *Id.*, Exh. 3 at p. 2 ("Waiver of Service of Summons" executed on behalf of the "Defendants").

4

in the service of the summons"). Based on this waiver, the Court should reject Ms. Chuckwama's challenge to the sufficiency of service.

     B.    <u>Ms. Pam Hoisington</u>

The Defendants request that service on Ms. Hoisington be quashed because she is not a named defendant. This request should be granted. Even liberally construed, the complaint did not name Ms. Hoisington as a defendant.[8] Because the summons mistakenly identified her as a defendant, the service was a nullity. *See*, *e.g.*, *Jarrell v. Cimarron Correctional Facility*, Case No. 98-1401-A, slip op. at 6 (W.D. Okla. Feb. 23, 2000) (unpublished report and recommendation by magistrate judge) (stating that service was a nullity because the summons had identified the individual as a defendant and she was not one), *adopted* (W.D. Okla. Mar. 15, 2000) (unpublished order by district judge).

III.    <u>Recommendations and Notice of Right to Object</u>

The Court should:

- overrule the motion to dismiss the claims against Oklahoma Correctional Health Management and Mary Chuckwama,

- overrule the motion to quash service on Mary Chuckwama, and

- grant the motion to quash service on Pam Hoisington.

---

[8] The Plaintiff concedes that Ms. Hoisington was not identified as a defendant in the original complaint. Motion for Leave to File an Amended Complaint at p. 1 (Sept. 26, 2006) ("The plaintiff in his original complaint inadertantly [sic] failed to name Oklahoma County Detention Facility/Pam Hoisington R.N. defendants."). In part for this reason, Mr. Lane has moved for leave to amend the complaint. *Id.*, *passim*. The Court is simultaneously granting this motion.

Any party may object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). To object, the party must file a written objection with the Clerk of this Court by October 19, 2006. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is not terminated.

Entered this 29th day of September, 2006.

_____
Robert E. Bacharach
United States Magistrate Judge