## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSS LYNN LANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. CIV-06-525-M |
| | ) |
| OKLAHOMA CORRECTIONAL | ) |
| HEALTH MANAGEMENT OF | ) |
| OKLAHOMA, INC.; R.N. MARY | ) |
| CHUCKWAMA; AND | ) |
| PAM HOISINGTON, R.N., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

The Plaintiff filed an amended complaint stemming from his incarceration at the

Oklahoma County Detention Center. The Defendants move for summary judgment, and Mr.

Lane requests appointment of counsel. The Court should:

- grant the Defendants' motion for summary judgment on the Plaintiff's claim of deliberate indifference to medical needs,

- overrule the Defendants' motion for summary judgment on Mr. Lane's claim regarding unauthorized disclosure of his HIV-status, and

- request counsel on the Plaintiff's behalf.

### STANDARD FOR SUMMARY JUDGMENT

Summary judgment is necessary when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law." Fed. R. Civ. P. 56(c). When a summary judgment motion is filed, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

For purposes of summary judgment, the verified complaint is treated as a sworn affidavit. *See Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) *(per curiam)*. But when confronted with the motion, Mr. Lane had a duty "to 'go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment.'" *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (citation omitted).

## THE PLAINTIFF'S CLAIM INVOLVING
## DELIBERATE INDIFFERENCE TO MEDICAL NEEDS

According to Mr. Lane, Nurse Chuckwama was deliberately indifferent to medical needs through the:

- denial of treatment during the Plaintiff's "sickle cell crisis" on January 13, 2006, and

- refusal to provide medical treatment on three subsequent occasions.

Second Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 2-5 (Oct. 10, 2006) ("Second Amended Complaint").[1]

The Defendants seek summary judgment on grounds that Mr. Lane had:

---

[1]     Mr. Lane referred to his pleading as a "second amended" complaint, but the document was his only amended complaint.

2

- obtained medical treatment on January 13, 2006, and

- received continuous medical care thereafter.

Defendants Correctional Healthcare Management of Oklahoma, Inc., Mary Chuckwama, and Pam Hoisington Motion for Summary Judgment and Brief in Support, *passim* (Feb. 20, 2007) ("Defendants' Summary Judgment Motion").

I.     Standard for a Constitutional Violation

The Eighth Amendment requires prison officials to "provide humane conditions of confinement" for inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).[2] As a result, deliberate indifference to a prisoner's serious illness or injury is actionable under Section 1983. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). A prison official violates the Eighth Amendment when the deprivation was "sufficiently serious" and resulted from "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A delay in medical care violates the Eighth Amendment only if the passage of time had resulted in substantial harm. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001).

---

[2]     Because the Plaintiff was a pretrial detainee at the relevant time, his claims are governed by the Fourteenth Amendment's Due Process Clause. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). The scope of this protection is coextensive with the Eighth Amendment. *See id.*

3

II.    Characterization of the Plaintiff's Claim Against Nurse Chuckwama

The Plaintiff claims that Nurse Chuckwama denied or delayed "access to medical care,"[3] and the Defendants contend that other medical personnel provided medical assistance.[4] The parties' arguments create a threshold issue requiring characterization of the Plaintiff's claim.

Two distinct types of Eighth Amendment claims exist. In the first category, a medical professional fails to properly treat a serious medical condition. *See Sealock v. State*, 218 F.3d 1205, 1211 (10th Cir. 2000). In the second category, a prison official "prevent[s] an inmate from receiving treatment or den[ies] him access to medical personnel capable of evaluating the need for treatment." *Id.* (citation omitted).

As noted above, the Plaintiff alleges denial or delay of "access to medical care." Second Amended Complaint at p. 3; *see supra* p. 4. The allegation falls within the second type of Eighth Amendment claim. Thus, to prevail, the Plaintiff must show that Nurse Chuckwama had "delay[ed] or refuse[d] to fulfill . . . [a] gatekeeper role due to deliberate indifference . . . ." *Sealock v. State*, 218 F.3d 1205, 1211 (10th Cir. 2000).

III.    Alleged Lack of Medical Care on January 13, 2006

According to the second amended complaint, Defendant Chuckwama was deliberately indifferent to medical needs when Mr. Lane experienced a "sickle cell crisis" on January 13,

---

3        Second Amended Complaint at p. 3.

4        Defendants' Summary Judgment Motion at pp. 14-17.

4

2006. *See supra* p. 2. But the verified complaint does not refute the medical evidence,[5] which demonstrates that Mr. Lane received medical treatment on the date in question. As a result, there is no evidence of substantial harm as a result of Nurse Chuckwama's delay or refusal to fulfill the gatekeeper role based on deliberate indifference. *See supra* pp. 3-4.

For example, the records indicate that on January 13, 2006, Mr. Lane went to the medical unit at 9:30 a.m. with uncontrolled nausea, vomiting, and swelling of the abdomen. Defendants' Summary Judgment Motion, Exh. 6 at p. 1. Medical personnel:

- noted that Mr. Lane was positive for sickle cell and HIV,
- conducted an examination,
- diagnosed an acute distended abdomen with uncontrolled nausea and vomiting, and
- determined that Mr. Lane should go to the local hospital.

*See id.*, Exh. 6 at p. 1. Pending transport to the hospital, medical officials treated the Plaintiff with medication for his nausea and vomiting. *See id.*, Exh. 6 at p. 1.

Medical personnel examined Mr. Lane again at 2:00 p.m. *See id.*, Exh. 6 at p. 2. Officials administered I.V. fluids for hydration and supplied additional medication for abdominal discomfort. *See id.*, Exh. 6 at p. 2.

The Plaintiff arrived at the hospital at about 7:30 p.m., where he was treated for "[a]bdominal pain" and "[c]onstipation." *See id.*, Exh. 7 at p. 1. The hospital discharged Mr. Lane at 8:08 p.m. and he returned to the Oklahoma County Detention Center. *See id.*, Exh.

---

[5]     *See supra* p. 2.

5

8. Once there, medical personnel noted an absence of pain and indicated that they would

closely monitor Mr. Lane for any complications. *See id.*, Exh. 9.

These records indicate that Mr. Lane obtained medical treatment during his alleged

"sickle cell crisis" on January 13, 2006. The Plaintiff does not dispute the authenticity of

these records, and his "general allegations in the verified complaint are not responsive to the

particularized facts . . . developed by [the Defendants]." *Green v. Busha*, 59 F.3d 178, 1995

WL 386489, Westlaw op. at 2 (10th Cir. June 30, 1995) (unpublished op.);[6] *see infra* p. 9.

---

[6]       Mr. Lane stated that he could not respond to the summary judgment motion based on his lack
of education. Motion for Summary Judgment and Brief (May 16, 2007). But "[h]aving chosen to
file a civil action in the district court," Mr. Lane "assumed the responsibility for complying with the
rules of civil procedure." *Chester v. Green*, 120 F.3d 1091 (10th Cir. 1997).

When the Defendants filed their motion, the Court explained to Mr. Lane:

When a summary judgment motion is supported by evidence, as here, the
party opposing the motion may not rely upon the mere allegations in his pleadings
to counter it. The party opposing the motion must respond with counter-affidavits
and/or documents to set forth specific facts showing that there is a genuine issue of
material fact to be litigated at the trial. If the party opposing the motion does not so
respond, the Court may declare that the facts in the affidavits and/or documents
supporting the motion are established as true and that there is no genuine issue of
material fact in dispute. In that event, if the applicable law allows, the party or
parties who filed the motion will be entitled to have the motion granted and judgment
entered in their favor.

Order at p. 1 (Feb. 22, 2007). No further explanation was necessary. *See Halpin v. Simmons*, 2007
WL 807018, Westlaw op. at 2 (10th Cir. Mar. 19, 2007) (unpublished op.) (rejecting a *pro se*
plaintiff's argument that the district court should have provided notice that he needed an affidavit
from a medical expert to survive summary judgment on a claim involving deliberate indifference to
serious medical needs); *McDaniels v. McKinna*, 96 Fed. Appx. 575, 578 (10th Cir. Apr. 27, 2004)
(unpublished op.) (stating that in the Tenth Circuit, the district court need not explain to *pro se*
prisoners how to respond to a summary judgment motion).

Consequently, the Defendants are entitled to summary judgment on Mr. Lane's claim involving the denial of medical care on January 13, 2006.

IV.    Alleged Lack of Medical Care After January 13, 2006

According to Mr. Lane, Defendant Chuckwama was also deliberately indifferent through her refusal to authorize medical treatment "three times after [January 13, 2006]." Second Amended Complaint at p. 2A.

In response, the Defendants present unrebutted evidence that in the thirteen months following the incident on January 13, 2006, Mr. Lane was treated by medical personnel for:

- constipation and nausea on six occasions,[7]

- arm numbness,[8]

- mouth problems on two occasions,[9]

- a burning sensation during urination,[10]

- toe pain,[11]

- a headache and high blood-pressure,[12]

---

[7]    Exhibits to Defendants Correctional Healthcare Management of Oklahoma, Inc., Mary Chuckwama, and Pam Hoisington Motion for Summary Judgment and Brief in Support, Nos. 10-11, 16 (Feb. 23, 2007) ("Defendants' Summary Judgment Motion - Exhibits").

[8]    Defendants' Summary Judgment Motion - Exhibits, No. 12.

[9]    Defendants' Summary Judgment Motion - Exhibits, Nos. 14-15.

[10]    Defendants' Summary Judgment Motion - Exhibits, No. 16.

[11]    Defendants' Summary Judgment Motion - Exhibits, No. 15.

[12]    Defendants' Summary Judgment Motion - Exhibits, No. 17.

7

- wound care treatment on four occasions,[13] and

- dental care on four occasions.[14]

For the claim involving deliberate indifference, Mr. Lane must point to evidence that would establish that Defendant Chuckwama knew she was creating a situation involving a substantial risk of constitutional harm. *See Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1155 (10th Cir. 2006) (stating in connection with a summary judgment motion that the plaintiff must "point to evidence that would establish [the defendant] knew he was creating a situation that created a substantial risk of constitutional harm"). But the Plaintiff does not supply any facts about the three incidents, such as the problem he was experiencing, what he did to seek help, when assistance was ultimately provided, or the harm suffered as a result.

In light of the Defendants' evidence of substantial treatment after January 13, 2006, Mr. Lane had a duty to designate specific facts reflecting deliberate indifference to serious medical needs. *See supra* p. 2. Mr. Lane failed to comply with this requirement, and the second amended complaint contained only a conclusory reference to:

- three unspecified denials of medical treatment,

- at unidentified times,

- for unknown medical problems.

---

13      Defendants' Summary Judgment Motion - Exhibits, No. 21.

14      Defendants' Summary Judgment Motion - Exhibits, No. 23.

A similar issue appeared in *Green v. Busha*, 59 F.3d 178, 1995 WL 386489 (10th Cir. June 30, 1995) (unpublished op.). There the plaintiff alleged deliberate indifference to medical needs and sued under 42 U.S.C. § 1983. *See Green v. Busha*, 1995 WL 386489, Westlaw op. at 2. Moving for summary judgment, the defendants presented records reflecting medical care whenever requested by the inmate. *See id.* This presentation shifted the burden to the plaintiff to present specific facts in dispute. *Id.* He did not do so, and the general allegations in the verified complaint were "not responsive to the particularized facts subsequently developed by defendants . . . ." *Id.* (citations omitted). Accordingly, the district court granted summary judgment to the defendants, and the Tenth Circuit Court of Appeals affirmed based on the same analysis. *Id.*, 1995 WL 386489, Westlaw op. at 2-3.

The rationale is persuasive in light of the similarity in fact-patterns. *See* Tenth Cir. R. 32.1(A). The Defendants presented testimony and records reflecting extensive treatment after January 13, 2006. The Plaintiff failed to identify any specific facts to dispute the Defendants' evidence, and the allegations in the second amended complaint were conclusory and unresponsive.[15] Under *Green v. Busha*, the general allegation in the second amended complaint does not create a genuine issue of material fact on the denial or delay of medical treatment after January 13, 2006.

---

[15]     *See Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) ("Because plaintiff did not designate specific facts sufficient to establish the subjective component of deliberate indifference on the part of defendants, he should not have prevailed against their motion for summary judgment.").

9

V.    Summary

The Defendants have presented evidence regarding the provision of medical care on

and after January 13, 2006. The Plaintiff does not dispute the medical evidence, and his

allegations in the verified complaint are not responsive to the Defendants' particularized

facts. Consequently, the Court should grant the Defendants' motion for summary judgment

on the Plaintiff's claim of deliberate indifference to medical needs.

## THE PLAINTIFF'S CLAIM INVOLVING
## UNAUTHORIZED DISCLOSURE OF MR. LANE'S HIV-STATUS

Mr. Lane also claims that Nurse Chuckwama had disclosed the Plaintiff's HIV-status

to another inmate. Second Amended Complaint at p. 2. The Defendants deny the disclosure

and argue that the Plaintiff had not suffered any actual damage. *See infra* pp. 10-11. The

Court should reject the Defendants' arguments, and the claim should survive the summary

judgment motion.

In part, the Defendants dispute Mr. Lane's factual allegation, alleging that Nurse

Chuckwama did not disclose the Plaintiff's heath status. Defendants' Summary Judgment

Motion at p. 11 & Exh. 1 (affidavit of Mary Chuckwama).[16] This denial creates a factual

dispute which cannot be resolved on a motion for summary judgment. *See Hall v. Bellmon,*

_____

[16]      The Defendants do not question the Plaintiff's right to recover if officials had disclosed his
HIV-status to another inmate. *See Herring v. Keenan,* 218 F.3d 1171, 1175 (10th Cir. 2000)
(concluding that an individual on probation had a constitutional right to privacy which would protect
against disclosure of his HIV-status by a government official).

10

935 F.2d 1106, 1111 (10th Cir. 1991) ("Material factual disputes cannot be resolved at summary judgment based on conflicting affidavits." (footnote & citation omitted)).

The Defendants also argue that the Prison Litigation Reform Act "completely bar[s]" the recovery of damages for mental or emotional distress without a showing of physical injury. Defendants' Summary Judgment Motion at pp. 10-12. As discussed earlier, the statute would not foreclose nominal or punitive damages. Report and Recommendation at pp. 2-3 (Sept. 29, 2006), *adopted* (W.D. Okla. Oct. 31, 2006). The Defendants contend that nominal and punitive damages are not recoverable because:

- the nurse did not disclose the Plaintiff's HIV-status, and

- nominal damages are not awardable because Mr. Lane did not suffer an actual injury.

Defendants' Summary Judgment Motion at pp. 10-12. Both arguments are invalid.

In part, the Defendants oppose nominal or punitive damages on grounds that Nurse Chuckwama had not disclosed the Plaintiff's HIV-status. *Id.* But the Plaintiff states under oath that the nurse had disclosed this status. Second Amended Complaint at pp. 2, 6. In light of the conflicting affidavits, summary judgment is unavailable on this argument.[17]

According to the Defendants, the absence of an actual injury would foreclose nominal damages. Defendants' Summary Judgment Motion at p. 12. But recovery of nominal

---

[17]     *See supra* pp. 10-11; *see also Doe v. Delie*, 257 F.3d 309, 314 n.3 (3d Cir. 2001) (holding that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), did not bar a prisoner's claims for nominal or punitive damages involving violation of a prisoner's right to medical privacy based on disclosure of his HIV-status).

damages does not depend on the presence of an actual injury. *See Memphis Community School District v. Stachura*, 477 U.S. 299, 308 n.11 (1986) ("nominal damages . . . are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury").

The existence of disputed versions, both supported under oath, prevents summary judgment on the claim involving disclosure of Mr. Lane's HIV-status. Nominal and punitive damages are potentially recoverable, and the Prison Litigation Reform Act would not entitle the Defendants to summary judgment based on the disputed scenarios or the absence of an actual injury.

## THE PLAINTIFF'S CLAIM INVOLVING INADEQUATE TRAINING AND SUPERVISION

In Count III of the Second Amended Complaint, the Plaintiff alleges failure to train or supervise subordinates. Second Amended Complaint at p. 4. The Defendants do not address this claim and *sua sponte* summary judgment rulings are disfavored in this circuit. *See Scull v. State*, 236 F.3d 588, 600 (10th Cir. 2000) ("the practice of granting summary judgment sua sponte is not favored" (citation omitted)). Accordingly, the Court should decline *sua sponte* consideration of summary judgment on Count III.

## THE PLAINTIFF'S REQUEST FOR COUNSEL

The Court has denied Mr. Lane's previous requests for counsel. *See* Order at pp. 1-2 (June 14, 2006); Order (Sept. 29, 2006); Order (Mar. 8, 2007). In response to the dispositive motion, the Plaintiff has again sought "help." Motion for Summary Judgment and Brief at

12

pp. 1-2 (May 16, 2007). The Court should construe this motion as another request for counsel and grant relief.

The Court can "request an attorney to represent any person unable to afford counsel." Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(1) (2000). Mr. Lane is unable to afford counsel, as is evidenced by his qualification to avoid prepayment of the filing fee. Order Granting Leave to Proceed *In Forma Pauperis* (May 23, 2006). Because the undersigned recommends survival of two of the Plaintiff's claims,[18] engagement of counsel would be essential for Mr. Lane to prepare for and conduct the trial.[19] Thus, the undersigned suggests that the Court request counsel on Mr. Lane's behalf.

## SUMMARY OF RECOMMENDATIONS

The Court should:

- grant the Defendants' motion for summary judgment on the Plaintiff's claim of deliberate indifference to medical needs,

- overrule the Defendants' motion for summary judgment on Mr. Lane's claim involving unauthorized disclosure of his HIV-status, and

- request counsel on the Plaintiff's behalf.

---

[18] *See supra* pp. 10-12.

[19] *See* Misc. Order No. 22 ("Authorization for Reimbursement of Certain Expenses from the Non-Appropriated Fund") at p. 2 (W.D. Okla. Sept. 12, 2001) (*en banc*) (appointments of counsel for indigent plaintiffs in civil cases "serve the best interests of justice in these cases where a trial or evidentiary hearing is anticipated and the plaintiff would be otherwise unrepresented").

## NOTICE OF RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by July 9, 2007. *See* W.D. Okla. Local Civil Rule 72.1(a). The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF REFERRAL

The referral is terminated.

Entered this 19th day of June, 2007.

Robert E. Bacharach
United States Magistrate Judge